UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALAN MOORE,

Plaintiff,

v.

CLARK COUNTY CORONER, et al.,

Defendants.

Case No. 2:26-cv-2136-CDS-EJY

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and a duplicate Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's Complaint appears to be an exact duplicate of a complaint dismissed with and without prejudice in August 2025. *Moore v. Clark County Coroner et al.*, Case No.25-cv-1358-GMN-EJY (the "2025 Case"), ECF Nos. 4, 6. While Plaintiff's instant IFP application is complete, the Court recommends it be denied and his Complaint be dismissed. Plaintiff he is warned that this is the second strike toward a finding that the "three-strikes rule" under the Prison Litigation Reform Act of 1995 may apply to him. Three strikes will prevent Plaintiff from bringing a future suit *in forma pauperis*—that is, without first paying the filing fee—if he files a third complaint duplicative of the first two. *Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S.Ct. 1721, 1723 (2020), *citing* 28 U.S.C. § 1915(g).

## I. Screening Standard

Under 28 U.S.C. § 1915(e)(2), the reviewing court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing

a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Discussion**

In a virtual duplicate (if not identical) Complaint to what Plaintiff filed in the 2025 Case, he asserts violations of his Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff contends he is

falsely incarcerated because the Clark County Coroner fabricated a toxicology a report to fit a prosecutor's demands. Plaintiff says a deceased woman—the predicate for his current incarceration—took drugs and committed suicide, he did not provide the drugs, and the deceased's police officer boyfriend supplied the drugs that ultimately led to the woman's death. The remainder of the Complaint is an exact duplicate of his prior suit submitting, once again, that there is no proof the deceased received drugs from him, he hired three different lawyers to represent him and, despite promises from counsel that he would not go to jail, he is in a maximum security prison in violation of equal protection. Plaintiff also contends he was told to plead guilty because of his criminal record, yet the evidence against him was insufficient to convict him. Repeating prior allegations, Plaintiff nonsensically contends the judge assigned to the case said the evidence against him was weak.

A compliant that merely repeats previously litigated claims may be dismissed under the authority of 28 U.S.C. § 1915. *Cato v. United States,* 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988). This action is duplicative of Plaintiff's earlier complaint filed in this Court that was dismissed in part with prejudice and in part without prejudice, but with leave to amend by August 25, 2025. The 2025 Case, ECF No. 4. Plaintiff failed to file an amended complaint in the 2025 Case. That failure does not permit Plaintiff to commence a duplicate case.

## III. RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed in its entirety as a duplicate of Case No. 2:25-cv-1358-GMN-EJY.

Dated this 21st day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).