UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Allan Moore,

Plaintiff

v.

Clark County Coroner, et al.,

Defendants

Case No. 2:26-cv-02136-CDS-EJY

**Order Overruling Plaintiff's Objection and Accepting the Magistrate Judge's Report and Recommendation**

[ECF Nos. 4, 5]

Pro se plaintiff Allan Moore initiated this action against the Clark County Coroner, Clark County, and two police officers on July 14, 2026. Compl., ECF No. 1-1. After screening Moore's complaint, United States Magistrate Judge Elayna J. Youchah issued a report and recommendation that I dismiss this matter as a duplicate of Case No. 2:25-cv-01358-GMN-EJY. R&R, ECF No. 4. Moore objects to the dismissal. Obj., ECF No. 5. Having reviewed Moore's objection, the magistrate judge's report and recommendation, and the docket in Case No. 2:25-cv-01358-GMN-EJY,[1] I accept the magistrate judge's recommendation and dismiss Moore's complaint as duplicative.

## I. Standard of review

"[A] party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b). Then, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

---

[1] Courts may judicially notice court documents already in the public record and filed in other courts. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record").

judge." *Id.* A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sep. 16, 2014). The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise").

## II. Discussion

In the report and recommendation (R&R), the magistrate judge finds that Moore's complaint is "a virtual duplicate (if not identical)" to a complaint filed in a previous case. ECF No. 4 at 2 (referencing 2:25-cv-01358-GMN-EJY). She notes that Moore's allegations are "an exact duplicate of his prior suit" and that his complaint "repeat[s] prior allegations." *Id.* at 3. As such, Judge Youchah concludes that this action is duplicative of Moore's earlier filed action and that his failure to amend the complaint in that case does not permit him to initiate a duplicative action. *Id.*

Moore objects generally to the dismissal recommendation rather than asserting that a mistake was made or that the magistrate judge misapplied the law. He concedes that "this is a duplicate." ECF No. 5 at 3. However, Moore argues that his previous case was dismissed due to a misunderstanding as to his address. *Id.* Moore further contends that he was advised by the self-help legal office to file a new complaint rather than move to set aside the previous dismissal. *Id.* Therefore, he seeks either to set aside the dismissal in the previous case or to allow this case to proceed. *Id.*

Although Moore has failed to raise any substantive or specific objections to the R&R warranting de novo review, *see* Fed. R. Civ. P. 72(b) (requiring that a party "file specific written objections" to the recommendations and mandating de novo review only of those portions "properly objected to"),[2] I nonetheless conducted an independent review here.

To determine if a suit is duplicative, courts borrow from the test for claim preclusion, so the court first examines whether the "causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citing *Haytian Republic*, 154 U.S. 118, 124 (1894)).

Here, the test for duplicity is easily met. The complaint in the instant case is an identical photocopy of the complaint filed on July 25, 2025. *Compare* ECF No. 1-1 in 2:26-cv-02136-CDS-EJY *with* ECF No. 1-1 in 2:25-cv-01358-GMN-EJY. There is no question that the prior action and the instant action involve the same parties, as the same plaintiff brings claims against the same defendants. It is also clear that Moore asserts the same causes of action and seeks the same form of relief. Indeed, Moore's objection confirms that this case violates the claim-splitting doctrine. Moore expressly asserts that "[t]his is a duplicate. That case [2:25-cv-01358-GMN-EJY] was dismissed." ECF No. 5 at 3.

The court does not believe Moore brought this action in bad faith, but rather because he does not understand civil procedure and was unaware that this action violates the claim-splitting doctrine. However, a plaintiff cannot continue to file new lawsuits against the same defendants based on the same facts until he is successful. That is because "[t]he ultimate objective of [the] rule against claim-splitting is to 'protect [a] Defendant from being harassed by repetitive actions based on the same claim' and to promote judicial economy and convenience."

[2] *See also Torres v. United States Postal Serv.*, 2026 U.S. Dist. LEXIS 109071, at *2 (D. Nev. May 15, 2026) (explaining that the standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion); *Reyna-Tapia*, 328 F.3d at 1121 (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise").

*Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016) (quoting *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995)).

Because both the 2025 case and this case involve the same parties and the same claims arising out of the same incident, and both involve the same request for relief, I find that the anti-claim-splitting doctrine is violated here. I agree with Judge Youchah's conclusion that Moore's failure to amend in the previous case does not permit him to commence a duplicate case.[3] ECF No. 4 at 3 (citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). Also, because I find that there is no clear error, I adopt the magistrate judge's findings and accept the R&R in full.

## III. Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 4] is accepted in full**, and this case is dismissed without prejudice as duplicative. The clerk of court is kindly instructed to close this case.

Dated: August 18, 2026

Cristina D. Silva
United States District Judge

[3] The court might have reached a different result if Moore had filed an updated complaint that corrected the deficiencies identified by Judge Youchah in the 2025 case. But that's not what occurred here.